1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  CURTIS POSTELL,                    )   Case No. CV 11-9510-SP
                                       )
12                   Plaintiff,        )
                                       )
13           v.                        )   MEMORANDUM OPINION AND
                                       )   ORDER
14  CAROLYN W. COLVIN, Acting          )
15  Commissioner of Social Security    )
    Administration,                    )
16                                     )
                     Defendant.        )
17  _____)

18

19                              **I.**

20                       **INTRODUCTION**

21          On November 23, 2011, plaintiff Curtis Postell filed a complaint against the

22  Commissioner of the Social Security Administration ("Commissioner"), seeking a

23  review of a denial of a period of disability, disability insurance benefits ("DIB"),

24  and supplemental security income ("SSI").  Both plaintiff and defendant have

25  consented to proceed for all purposes before the assigned Magistrate Judge

26  pursuant to 28 U.S.C. § 636(c).  The court deems the matter suitable for

27  adjudication without oral argument.

28

                                1

1   Based on a liberal construction of Plaintiff's Memorandum in Support of

2   Complaint ("P. Mem."), plaintiff presents two disputed issues for decision:  (1)

3   whether the administrative law judge ("ALJ") properly rejected the opinion of

4   plaintiff's treating physician; and (2) whether the ALJ properly credited the

5   opinion of the examining physician.[1]  P. Mem. at 2-3.

6   Having carefully studied, inter alia, the parties's written submissions, the

7   Administrative Record ("AR"), and the decisions of the ALJ and Appeals Council

8   ("AC"), the court concludes that, as detailed herein, the ALJ  properly credited the

9   opinion of the examining physician, but did not provide clear and convincing

10   reasons to reject the treating physician's opinion.  Therefore, the court remands

11   this matter to the Commissioner in accordance with the principles and instructions

12   enunciated in this Memorandum Opinion and Order.

13   **II.**

14   **FACTUAL AND PROCEDURAL BACKGROUND**

15   Plaintiff, who was 46 years old on his alleged disability onset date,

16   completed two years of college.  AR at 359, 368.  Plaintiff has past relevant work

17   as a security guard.  *Id.* at 73, 365.

18   On July 19, 2006, plaintiff filed applications for a period of disability, DIB,

19   and SSI, alleging an onset date of July 10, 2005 due to hernias, blood clots, pain in

20

21   _____

22   [1]   Plaintiff is proceeding pro se and does not delineate the disputed issues.
Defendant interprets plaintiff's Memorandum as raising one disputed issue,

23   whether substantial evidence supports the ALJ's decision that plaintiff's substance
abuse use was a contributing factor material to the determination of disability.

24   Memorandum in Support of Defendant's Answer ("D. Mem.") at 4.  In instances

25   where plaintiff is proceeding pro se, the court will construe the pleadings liberally
and give plaintiff the benefit of the doubt.  *See Hebbe v. Pliler*, 627 F.3d 338, 342

26   (9th Cir. 2010); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623

27   (9th Cir. 1988).  Therefore, the court finds that plaintiff presented the two issues

28   stated above.

1    the legs and arms, and an inability to stand and walk "too long." *Id.* at 287-89,

2    292-94, 359, 364. The Commissioner denied plaintiff's application initially, after

3    which he filed a request for a hearing. *Id.* at 150-55.

4         On February 7, 2008, plaintiff, represented by counsel, appeared and

5    testified before ALJ Zane A. Lang. *Id.* at 102-28. Heidi Paul, a vocational expert,

6    also provided testimony. *Id*. at 122-27. On March 28, 2008, ALJ Zang denied

7    plaintiff's claim. *Id*. at 134-44.

8         Plaintiff filed a request for review and on April 15, 2010, the AC granted

9    his request and remanded the case. *Id.* at 148-49. In its order, the AC noted that

10   while his first applications were pending, plaintiff filed subsequent applications

11   for DIB and SSI on April 11, 2008, and was found to be disabled beginning March

12   29, 2009. *Id.* at 148. Thus, on remand, the ALJ presiding over the case would

13   only need to decide whether plaintiff was disabled prior to March 29, 2008.[2] *Id.* at

14   149. The AC ordered the ALJ to obtain the testimony of a medical expert, further

15   evaluate plaintiff's mental impairment, further consider plaintiff's obesity, and if

16   warranted, obtain testimony from a vocational expert. *Id.*

17        On March 29, 2011, ALJ Lang held a hearing at which plaintiff, who was

18   represented by counsel, testified. *Id.* at 77-101. Two medical experts, Dr. Samuel

19   Landau and Dr. Glenn Griffin, as well as a vocational expert, Heidi Paul, also

20

21   _____

22   [2]   There appears to be a typographical error in the AC's order and
     consequently, there is confusion as to the end of the closed period at issue. The
23   AC noted that plaintiff had been found disabled beginning March 29, *2009*, but
     then directed the ALJ to determine whether plaintiff was disabled prior to March
24   29, *2008*. *See* AR at 148-49. Initially, upon remand, both ALJ Zane and
     plaintiff's counsel recognized July 10, 2005 through March 29, 2009 as the closed
25   period at issue. *Id*. at 42, 79-80. But following the stipulated remand of this case,
     the new ALJ (Alexander Weir III) and plaintiff's counsel stated that March 29,
26   2008 was the end of the closed period. *See id.* at 5, 70. Because this case is being
27   remanded, the court directs the Commissioner to clarify the closed period.

28

provided testimony. *Id.* at 80-86, 96-97.  On April 12, 2011, ALJ concluded that plaintiff was not disabled for the closed period between July 10, 2005 and March 28, 2009, and denied his claims for benefits. *Id.* at 42-61.

Plaintiff filed a request for review and on September 15, 2011, the AC affirmed ALJ Lang's non-disability finding. *Id.* at 33-34.  The AC affirmed the finding that plaintiff was disabled beginning March 29, 2008 and adopted ALJ Lang's findings of non-disability to both his DIB and SSI claims. *Id.*

Subsequently, plaintiff filed the complaint in this case.  On stipulation, this case was remanded to the Commissioner on March 21, 2012 because the Office of Disability Adjudication and Review was unable to prepare a certified administrative record due to the fact that significant portions of the March 29, 2011 administrative hearing were inaudible.  This court ordered the Commissioner to hold a *de novo* hearing. The AC then vacated the April 2, 2011 decision. *Id.* at 5.

On February 11, 2013, ALJ Alexander Weir III conducted an administrative hearing. *Id.* at 66-76.  Plaintiff was represented by counsel but plaintiff failed to appear until the conclusion of the hearing. *Id.* at 69, 75-76.  A vocational expert, Susan Green, provided testimony. *Id.* at 72-75.   On April 3, 2013, ALJ Weir denied plaintiff's claims for benefits. *Id.* at 4-15.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity for the period from July 10, 2005 through March 28, 2008. *Id.* at 9.

At step two, the ALJ found that plaintiff suffered from the following severe impairments during that period:  history of deep venous thrombosis; hernias; right knee disorder; obesity; depression; anxiety; cocaine and marijuana abuse; and alcoholism. *Id.*

At step three, the ALJ found that from July 10, 2005 through March 28,

4

2008, plaintiff's impairments met sections 12.04, 12.06, and 12.09 of 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 10. The ALJ also found, however, that if plaintiff stopped his substance abuse, his impairments, whether individually or in combination, would not have met or medically equaled any of the Listings. *Id.* at 11.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[3] and determined that had he not been abusing substances, he would have had the RFC to perform a limited range of medium work with the following limitations: lift/carry up to 50 pounds occasionally and 25 pounds frequently; stand/walk six hours in an eight-hour day; sit six hours in an eight-hour day; engage in occasional climbing of ropes, ladders, or scaffolds; and work at unprotected heights or on uneven terrain occasionally. *Id.* The ALJ also found that plaintiff would have had moderate limitations interacting with coworkers, supervisors, and the public, and maintaining attention and concentration. *Id.*

The ALJ found, at step four, that had plaintiff stopped his substance abuse, he would have been able to perform his past relevant work of security guard. *Id.* at 14. Consequently, the ALJ determined that plaintiff would not have suffered from a disability as defined by the Social Security Act for the period between July 10, 2005 and March 28, 2008 had he not been abusing substances. *Id.* at 15. The ALJ's decision stands as the final decision of the Commissioner.

On October 1, 2013, this case was reopened.

---

[3]    Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1

**III.**

2

**STANDARD OF REVIEW**

3

This court is empowered to review decisions by the Commissioner to deny

4

benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

5

Administration must be upheld if they are free of legal error and supported by

6

substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)

7

(as amended).  But if the court determines that the ALJ's findings are based on

8

legal error or are not supported by substantial evidence in the record, the court

9

may reject the findings and set aside the decision to deny benefits.  *Aukland v.*

10

*Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d

11

1144, 1147 (9th Cir. 2001).

12

"Substantial evidence is more than a mere scintilla, but less than a

13

preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such

14

"relevant evidence which a reasonable person might accept as adequate to support

15

a conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

16

F.3d at 459.  To determine whether substantial evidence supports the ALJ's

17

finding, the reviewing court must review the administrative record as a whole,

18

"weighing both the evidence that supports and the evidence that detracts from the

19

ALJ's conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be

20

affirmed simply by isolating a specific quantum of supporting evidence.'"

21

*Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

22

Cir. 1998)).  If the evidence can reasonably support either affirming or reversing

23

the ALJ's decision, the reviewing court "'may not substitute its judgment for that

24

of the ALJ.'"  *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

25

1992)).

26

27

28

**IV.**

**DISCUSSION**

A.      **The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting the Treating Physician's Opinion**

Plaintiff argues that he was disabled due to his mental impairment.  P. Mem. at 2-3.  Plaintiff contends that a physician, who was aware of his substance abuse, diagnosed him with major depression and he is still being treated with counseling and medication.  *Id.*

The ALJ found that plaintiff met Listings 12.04, 12.06, and 12.09, but concluded that had plaintiff not been abusing substances, his impairments would not have been as severe and he would not have met the Listings and been disabled. AR at 9, 11.  Defendant contends that there is substantial evidence to support the ALJ's decision that plaintiff would not have been disabled had he not abused substances during the closed period, but fails to specify the evidence.  *See* D. Mem. at 4-6.  Indeed, defendant's argument is not so much that substantial evidence supports the ALJ's decision but rather plaintiff did not meet his burden of showing that substance abuse was not material to the disability determination.

"[A]n individual shall not be considered to be disabled for the purposes of [benefits under Title XVI of the Social Security Act] if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 1382c(a)(1)(J); *see also Parra v. Astrue*, 481 F.3d 742, 746-47 (9th Cir. 2007); *Sousa v. Callahan*, 143 F.3d 1240, 1242 (9th Cir. 1998) (plaintiff's mental problems during the pertinent period were intertwined and exacerbated by longstanding substance abuse, thereby precluding award of benefits); 20 C.F.R. §§ 404.1535(a), 416.935(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or

1  alcoholism is a contributing factor material to the determination of disability

2  . . . .").  A claimant bears the burden of proving that substance abuse "was not a

3  contributing factor material to his disability."  *Parra*, 481 F.3d at 748.

4       Here, plaintiff submitted the opinion of his treating physician, Dr. Michael

5  T. Walker.[4]  Dr. Walker treated plaintiff from September 2007 through at least

6  March 2008.  AR at 458-63, 503.  In an opinion dated January 30, 2008, Dr.

7  Walker opined that plaintiff suffered from major depression recurrent moderate

8  and post traumatic stress disorder, and would be unable to work for the next two to

9  three years.  *Id.* at 478.  In forming his opinion, Dr. Walker noted that plaintiff's

10 psychiatric symptoms and functional impairments existed prior to his substance

11 abuse, leading him to believe that the presence of plaintiff's psychiatric disorder

12 was independent of the substance abuse.  *Id.* at 475.  As such, the ALJ was

13 required to provide legally sufficient reasons for why he rejected Dr. Walker's

14 opinion.

15      In determining whether a claimant has a medically determinable

16 impairment, among the evidence the ALJ considers is medical evidence.  20

17 C.F.R. §§ 404.1527(b), 416.927(b).  In evaluating medical opinions, the

18 regulations distinguish among three types of physicians:  (1) treating physicians;

19 (2) examining physicians; and (3) non-examining physicians.  20 C.F.R.

20 §§ 404.1527(c), (e), 416.927(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

21 1995) (as amended).  "Generally, a treating physician's opinion carries more

22 weight than an examining physician's, and an examining physician's opinion

23 carries more weight than a reviewing physician's."  *Holohan v. Massanari*, 246

24 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-

25 _____

26      [4]  Psychologists are considered acceptable medical sources whose opinions
   are accorded the same weight as physicians.  20 C.F.R. §§ 404.1513(a)(2),
27 416.913(a)(2).  Accordingly, for ease of reference, the court will refer to Dr.
   Walker as a physician.
28

1   (2).  The opinion of the treating physician is generally given the greatest weight

2   because the treating physician is employed to cure and has a greater opportunity to

3   understand and observe a claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th

4   Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

5        Nevertheless, the ALJ is not bound by the opinion of the treating physician.

6   *Smolen*, 80 F.3d at 1285.  If a treating physician's opinion is uncontradicted, the

7   ALJ must provide clear and convincing reasons for giving it less weight.  *Lester*,

8   81 F.3d at 830.  If the treating physician's opinion is contradicted by other

9   opinions, the ALJ must provide specific and legitimate reasons supported by

10   substantial evidence for rejecting it.  *Id.* at 830.  Likewise, the ALJ must provide

11   specific and legitimate reasons supported by substantial evidence in rejecting the

12   contradicted opinions of examining physicians.  *Id.* at 830-31.  The opinion of a

13   non-examining physician, standing alone, cannot constitute substantial evidence.

14   *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v.*

15   *Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d

16   813, 818 n.7 (9th Cir. 1993).

17        Here, the ALJ provided two reasons for rejecting Dr. Walker's opinion:  (1)

18   there was no evidence documenting plaintiff's mental condition prior to his

19   substance abuse; and (2) plaintiff did not have a sufficient period of sobriety from

20   which one could assess the severity of plaintiff's impairments in the absence of

21   substance abuse.  AR at 12-13.  Neither is a clear and convincing reason supported

22   by substantial evidence.

23        First, the ALJ appears to be arguing that the absence of medical records

24   prior to 2007 establishes that plaintiff did not need prior medical treatment and he

25   only required it in 2007 and 2008 because his substance abuse exacerbated his

26   impairments.  *Id*. at 12.  As an initial matter, persons with mental health

27   impairments often do not seek treatment and thus, the absence of records or

28

9

1    "[f]ailure to seek treatment is not a substantial basis on which to conclude that a

2    claimant's mental impairment is not severe." *Allen v. Comm'r*, 2012 WL

3    5857269, at *2 (9th Cir. Nov. 19, 2012); *Nguyen v. Chater*, 100 F.3d 1462, 1465

4    (9th Cir. 1996) ("[I]t is common knowledge that depression is one of the most

5    underreported illnesses in the country because those afflicted often do not

6    recognize that their condition reflects a potentially serious mental illness.").  Here,

7    the record shows that plaintiff consistently stated that he had a history of

8    psychiatric treatment starting as early as age six.  *See id.* at 475, 482, 594.

9    Moreover, plaintiff testified that he tried to seek medical help between 2005 and

10   2007 but was unable to obtain it.  *See id*. at 111, 113.  And even if plaintiff's pre-

11   2007 medical records were obtainable, it is unclear how they would be useful to

12   the ALJ, as most are remote in time and plaintiff's impairments could have grown

13   in severity.  As such, the lack of documentation of plaintiff's medical condition

14   prior to 2007 is not a clear and convincing reason to reject Dr. Walker's opinion.

15        The ALJ's second reason for rejecting Dr. Walker's opinion – the absence

16   of a sufficient period of sobriety which could provide a baseline from which to

17   assess whether plaintiff's alcohol abuse was material to his impairments – is not a

18   clear and convincing reason in this instance.  The ALJ found that even if plaintiff

19   had been sober from September 2007 through March 2008, six months was an

20   insufficient amount of time to make an assessment as to whether alcohol abuse

21   was material.  *Id.* at 12-13; *but see id.* at 92 (medical expert testified that six

22   months was a sufficient period).  As discussed in footnote 2, *supra*, however, the

23   ALJ's apparent belief that the period at issue ended in March 2008, rather than

24   2009, appears to be incorrect, and is due to a typographical error in the AC's April

25   15, 2010 order.  *See* AR at 148-49.  Assuming the end date of the closed period the

26   ALJ was supposed to be assessing is actually March 28, 2009, then there might

27   exist a period of sobriety sufficient for a physician to ascertain whether alcohol

28

10

abuse was a material factor to plaintiff's impairments.  Indeed, the AC had stated that, if necessary, on remand the ALJ should retain a medical expert.  *Id.* at 149.  The ALJ did not.[5]

Accordingly, the ALJ's conclusion that plaintiff's substance abuse was material to the disability determination was in error, as it was based on the ALJ's legally inadequate rejection of Dr. Walker's opinon.  Through the opinion of a treating physician, plaintiff met his burden of showing that the substance abuse was not material and the ALJ failed to provide clear and convincing reasons supported by substantial evidence why he rejected the opinion.

**B.**  **The ALJ Properly Credited the Examining Physician's Opinion**

Plaintiff argues that the ALJ improperly credited the opinion of the consultative examiner, Dr. Michael Habashy.  P. Mem. at 2.  Specifically, plaintiff contends that Dr. Habashy failed to perform a physical examination.  *Id.*  The court disagrees.

On November 3, 2006, Dr. Habashy examined plaintiff.  AR at 443-48.  Dr. Habashy observed that plaintiff had swelling and mild tenderness in his left leg but the examination was otherwise normal.  *Id*. at 447.  Dr. Habashy also noted that plaintiff had an umbilical hernia.  *Id*.  Based on the examination, Dr. Habashy opined that plaintiff could:  push/pull/lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk six hours out of an eight-hour workday; and could perform activities requiring agility occasionally.  *Id.* at 447-48.

Here, plaintiff simply makes a conclusory allegation that Dr. Habashy failed to actually exam him and offer no evidence to support his assertion.  As such, the

---

[5]  Plaintiff was subsequently treated by Dr. Maurice Weise in 2010.  AR at 594-97.  Dr. Weise submitted an opinion dated October 22, 2010, in which he opined that plaintiff's judgment was impaired "especially" when he used alcohol.  *Id.* at 595.  Although Dr. Weise's opinion was rendered outside of the closed period, it still may provide a basis of comparison.

1   ALJ properly credited the examining physician's opinion.

2                                      **V.**

3                          **REMAND IS APPROPRIATE**

4            The decision whether to remand for further proceedings or reverse and

5   award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

6   888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by

7   further proceedings, or where the record has been fully developed, it is appropriate

8   to exercise this discretion to direct an immediate award of benefits. *See Benecke*

9   *v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d

10  1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings

11  turns upon their likely utility). But where there are outstanding issues that must be

12  resolved before a determination can be made, and it is not clear from the record

13  that the ALJ would be required to find a plaintiff disabled if all the evidence were

14  properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96;

15  *Harman*, 211 F.3d at 1179-80.

16           Here, as set out above, remand is required because the ALJ failed to provide

17  a clear and convincing reason for rejecting the opinion of plaintiff's treating

18  physician, Dr. Walker. On remand, the ALJ shall: clarify the ending date of the

19  closed period; reconsider the opinion of Dr. Walker and either credit his opinion

20  or provide clear and convincing reasons supported by substantial evidence for

21  rejecting it; and retain a medical expert if necessary as ordered by the AC in its

22  April 15, 2010 decision. The ALJ shall then proceed through steps four and five

23  to determine what work, if any, plaintiff is capable of performing.

24

25

26

27

28

## VI.

## <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: May 12, 2014

_____

SHERI PYM
United States Magistrate Judge

13